IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP CHARVAT, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>FTR ENERGY SERVICES, LLC<br><br>Defendant | Case No. \_\_\_\_3:14-CV-73_____<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Philip Charvat ("Plaintiff" or "Mr. Charvat") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Defendant FTR Energy Services, LLC ("FTR Energy") placed telemarketing calls to a number Mr. Charvat registered on the National Do Not Call Registry.

3. Mr. Charvat never consented to receive these calls.

4. Because telemarketing campaigns result in calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Charvat brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of FTR Energy.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Philip Charvat is a resident of the state of Ohio.

7. Defendant FTR Energy Services, LLC is an energy company that is headquartered at 1055 Washington Boulevard, 7th Floor Stamford, CT 06901

8. FTR Energy offers energy utility services to residential customers throughout Ohio, Illinois, and New York.

## Jurisdiction & Venue

9. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

10. Venue is proper because the Defendant is a resident of this district.

### *The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's signed, written consent*

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

13.     A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

14.     The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

## Factual Allegations

### *FTR Energy places telemarketing calls to the Plaintiff*

15.     On October 15 and October 18, 2013, the Plaintiff received telephone calls from telemarketing representatives calling from FTR Energy.

16.     During both calls, FTR Energy offered to lower the Plaintiff's energy bill if he switched to FTR Energy's service.

17.     During each call FTR Energy identified Plaintiff's phone number before Plaintiff had given that information.

18.     With both calls the FTR Energy representative asked the Plaintiff the name of his gas and electric company, requested information from his energy bill, and attempted to persuade him to sign up with FTR Energy.

19. The Plaintiff never consented in any fashion to these telephone calls, and had no business relationship with this entity.

20. Both of the calls were unwanted telemarketing solicitations.

21. Plaintiff is not a customer of Defendant and has not provided Defendant with his personal information or telephone number.

22. Both calls were placed to a telephone number that Plaintiff had listed on the national Do Not Call Registry more than 12 months prior to these telephone calls to Plaintiff.

## Class Action Allegations

23. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

24. The class of persons Plaintiff proposes to represent is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, FTR Energy.

25. The class as defined above is identifiable through phone records and phone number databases.

26. The potential class is so numerous that individual joinder of these persons is impracticable.

27. Plaintiff is a member of the class.

28. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a. Whether FTR Energy violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

b. Whether FTR Energy has any defense(s) to engaging in a telemarketing campaign to individuals on the National Do Not Call Registry;

c. Whether the Plaintiff and class are entitled to statutory damages as a result of FTR Energy's actions.

29. Plaintiff's claims are typical of the claims of class members.

30. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

31. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

32. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

33. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

34. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

35. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

36. The Defendant's violations were negligent and/or knowing.

### Count Two:
### Injunctive relief to bar future TCPA violations

37. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

38. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

39. The Plaintiff respectfully petitions this Court to order the Defendant and their employees, agents, and all other persons or entities working on their behalf to make these calls to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

1. That FTR Energy be restrained from engaging in future telemarketing in violation of the TCPA.

2.  That FTR Energy, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3.  That the Court certify the claims of the named Plaintiff under Rule 23 of the Federal Rules of Civil Procedure.

4.  That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing violation.

5.  That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel

By _____
Richard Tropiano, Jr.
Federal Bar No. ct28088
Law Office of Balzano & Tropiano, P.C.
321 Whitney Avenue
New Haven, CT 06511
(203) 891-6336
(203) 891-6136 *facsimile*
rtropiano@balzanoandtropiano.com
baltieri@balzanoandtropiano.com

John W. Barrett
Jonathan Marshall
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
*Subject to Pro Hac Vice*

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*